Margaret E. Dayton (SBN: 274353)
PEDayton@winston.com
Janelle Li-A-Ping (SBN: 330805)
JLiAPing@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone:   (213) 615-1988
Facsimile:   (213) 615-1750

Attorneys for Defendants
ALLSTATE NORTHBROOK INDEMNITY COMPANY
ESURANCE PROPERTY AND CASUALTY INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLA JACKSON, DENISE GRIFFIN, and JAMIE PETTIT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE NORTHBROOK INDEMNITY COMPANY and ESURANCE PROPERTY AND CASUALTY COMPANY,<br><br>Defendants. | **Case No.** 4:22-cv-02628<br><br>[*Superior Court of California, County of Alameda, Case No. 22-CV-008706*]<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332 (as amended by the Class Action Fairness Act 2005, Pub. L. 109-2, section 4(a) (the "CAFA")), 1441, and 1446, Defendants ALLSTATE NORTHBROOK INDEMNITY COMPANY ("Allstate") and ESURANCE PROPERTY AND CASUALTY INSURANCE COMPANY ("Esurance") (collectively, "Defendants") hereby remove the above-entitled action to this Court from the Superior Court of the State of California for the County of Alameda. In support of removal, Defendants state as follows:

## INTRODUCTION

1. Defendants deny Plaintiffs' allegations and state that Plaintiffs' Complaint is subject to dismissal on various grounds. Nevertheless, assuming Plaintiffs' allegations are true for the purposes of determining removal jurisdiction, this suit is properly removed to this Court under CAFA, as Defendants have satisfied all of CAFA's substantive and procedural requirements. Plaintiffs' asserted class action meets the diversity, putative class size, and amount-in-controversy requirements of CAFA. As set forth fully below, there are thousands of Allstate and Esurance policyholders in California, both new and renewing, who would purportedly be subject to this class action, and their alleged damages exceed $5 million. Defendants therefore exercise their right to remove this case to federal court.

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

2. On March 22, 2022, Plaintiffs Carla Jackson, Denise Griffin, and Jamie Pettit ("Plaintiffs") filed a Complaint in the Superior Court of the State of California, County of Alameda, under case number 22-CV-008706, commencing this putative class action. Plaintiffs' Complaint states two causes of action: (1) Statutory Damages under Cal. Ins. Code § 11629 for Violations of the Rosenthal Auto Insurance Nondiscrimination Law ("RAIN") (Cal. Ins. Code § 11628); and (2) Damages under Cal. Civ. Code § 52 for Violations of the Unruh Civil Rights Act (Cal. Civ. Code § 51). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

3. Defendants were served via their registered agents on March 31, 2022. A true and correct copy of the Notices of Service of Process are included in **Exhibit B**.

4. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), which requires a Notice of Removal to be filed within thirty (30) days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). Defendants were served on March 31, 2022. Thirty days from March 31, 2022, is Saturday, April 30, 2022. Accordingly, the final day to file this Notice of Removal is Monday, May 2, 2022, and it is timely filed. *See Allen v. Toyota Motor Corp.*, No. 19-cv-03062-SK, 2019 WL 10944853, at *2 (N.D. Cal. Aug. 1, 2019) (when the deadline to file a notice of removal falls on a Saturday, the deadline for removal is the following Monday); *Hemberger v. Safeway, Inc.*, Case No. 18-cv-04252-YGR, 2018 WL 4586355, at *2 (N.D. Cal. Sept. 25, 2018) (when the final day of the 30-day period for notice of removal falls on a Saturday, Sunday, or legal holiday, the period runs until the end of the next day that is not a Saturday, Sunday, or legal holiday).

## JOINDER

5. Defendants have been served with a copy of the Complaint and file this Notice of Removal. No other defendants are named in the Complaint.

## JURISDICTION PURSUANT TO CAFA

6. This Court has original jurisdiction over this putative class action, and this action may be removed to this Court, under CAFA. Pub. L. No. 109-2, 119 Stat. 4 (codified in pertinent part under 28 U.S.C. § 1332(d)). A "class action" under CAFA includes any civil action filed under Federal Rule of Civil Procedure 23 or a "similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiffs bring this putative class action pursuant to California Code of Civil Procedure section 382, (Compl., ¶ 126), which is California's equivalent of Federal Rule of Civil Procedure 23. *See* Cal. Code Civ. Proc. § 382; *see also* 28 U.S.C. § 1332(d)(1)(B). This action therefore meets CAFA's definition of a "class action." As set forth below, this action meets CAFA's requirements, *see* 28 U.S.C. § 1332(d)(2)(A), (d)(5)(B), and (d)(6), because it is a putative class action in which: (1) Plaintiffs allege there are more than 100 members in each of the proposed classes; (2) at least one

member of each proposed class is a citizen of a different state than Allstate and Esurance; and (3) based on the allegations in the Complaint, the aggregated amount in controversy for each proposed class exceeds $5,000,000.00, exclusive of interest and costs.

**A.     Plaintiffs' Proposed Classes Consist of More than 100 Members.**

7.     CAFA requires that a proposed class, or classes in the aggregate, include 100 or more members.  *See* 28 U.S.C. § 1332(d)(5)(B).

8.     Plaintiffs Carla Jackson and Denise Griffin purport to seek damages on behalf of themselves and an alleged "Allstate Class" of:

> [a]ll persons within the three-year period prior to the date this Action was filed through the date the Class is certified who paid for and were issued, were re-issued or renewed private passenger motor vehicle liability insurance policies issued by [Allstate] in California, and whose policy premiums were calculated, in whole or in part, by using the "single" marital status of a "rated operator" at the time their policy was issued, re-issued, or renewed.  (Compl., ¶ 127.) (Collectively, the "Allstate Class").

9.     Plaintiff Jamie Pettit purports to seek damages on behalf of herself and an alleged "Esurance Class" of:

> [a]ll persons within the three-year period prior to the date this Action was filed through the date the Class is certified who paid for and were issued, were re-issued or renewed private passenger motor vehicle liability insurance policies issued by [Esurance] in California, and whose policy premiums were calculated, in whole or in part, by using the "single" marital status of a "rated operator" at the time their policy was issued, re-issued, or renewed.  (Compl., ¶ 130.) (Collectively, the "Esurance Class").

10.     The Complaint provides that while "the exact number and identities of the members of the Classes are unknown at this time, they number in the thousands, if not tens of thousands of people, because Allstate's and Esurance's private passenger motor vehicle liability policies are widely offered and sold across the State of California."  (Compl., ¶ 134.)  This allegation alone demonstrates that CAFA's numerosity requirement is satisfied.  *See Kuxhausen v. BMW Fin. Serv. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013); *Tompkins v. Basic Research LLC*, No. S-08-244-LKK/DAD, 2008 WL 1808316, at *3 (E.D. Cal. Apr. 22, 2008).

11.     Furthermore, Defendants submit that the proposed classes would greatly exceed 100

members. Allstate's books and records reflect that since the beginning of 2019, there have been over 3,770,000 private passenger motor vehicle liability insurance policies issued to California policyholders where a rated operator's marital status was single. (Declaration of Kevin Frisch ("Frisch Decl.") at ¶ 4.) Esurance's books and records reflect that Esurance has issued over 800,000 private passenger motor vehicle liability insurance policies to California residents whose marital status was single since the beginning of 2019. (Declaration of Taylor Van Laar ("Van Laar Decl.") at ¶ 4.)

12. Accordingly, CAFA's requirement of 100 or more proposed class members is satisfied.

**B.  Minimal Diversity Exists.**

13. CAFA requires that the parties in the proposed class action are minimally diverse. *See* 28 U.S.C. 1332(d)(2)(A). As set forth below, Plaintiffs are citizens of California, and neither Defendant is a citizen of California.

   i. Plaintiffs' Citizenship

14. For purposes of evaluating diversity, a person is a "citizen" of the state in which she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "[A] person's residence is prima facie evidence of domicile and citizenship." *Cisneros Pantoja v. RAMCO Enter., LP*, No. 19-cv-5959630, 2019 WL 5959630, *10 (N.D. Cal. Nov. 13, 2019).

15. Based on the allegations in the Complaint, Plaintiffs are all "citizens and residents of California." (Compl., ¶¶ 26, 19-21.)

   ii. Defendants' Citizenship

16. For purposes of diversity jurisdiction, a corporation "shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . ." 28 U.S.C. § 1332(c)(1).

17. A corporation's "principal place of business" is its nerve center, which is "the place where a corporation's officers direct, control, and coordinate the corporation's activities" and in practice "the place where the corporation maintains its headquarters . . ." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). The "nerve center" test points courts "in a single direction" and thus courts

"do not have to try to weigh corporate functions, assets, or revenues different in kind, one from the other." *Id.* at 96.

18. Defendants are corporate entities.

19. Allstate is incorporated in Delaware and has its principal place of business in Illinois. (Compl. ¶ 22; Frisch Decl. at ¶ 3.)

20. Esurance is incorporated in Delaware and has its principal place of business in Illinois. (Compl. ¶ 23; Van Laar Decl. at ¶ 3.)

21. Under CAFA, only minimal diversity is required. *See Broadway Grill, Inc. v. Vista Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017). Because at least one member of each putative class is diverse from at least one defendant—indeed, Plaintiffs are diverse from *both* Defendants—CAFA's minimal diversity requirement is satisfied. 28 U.S.C. § 1332(d)(2)(A).

**C.  The Amount in Controversy Alleged Exceeds $5 Million.**

22. Under CAFA, a district court shall have original jurisdiction "of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, "the claims of the individual class members shall be aggregated." *Id.* at § 1332(d)(6). The amount-in-controversy threshold is met here based on the damages sought in Plaintiffs' Complaint.

23. While Defendants dispute Plaintiffs' claims and dispute that any damages whatsoever are owed to Plaintiffs or the putative class, the merits of Plaintiffs' claims are irrelevant to the issue of whether the amount in controversy exceeds CAFA's jurisdictional threshold. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [a] defendant's liability. In that sense, the amount in controversy reflects the maximum recovery [a] plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (internal citation removed, emphasis added); *see also Jimenez v. Ford Motor Co.*, No. 21-cv-04967-VC, 2021 WL 5149865, at *1 (N.D. Cal. Nov. 5, 2021) ("The amount in controversy reflects the maximum potential recovery and includes . . . both civil penalties and attorney's fees.").

24. The amount in controversy is first determined by reviewing the allegations of the operative complaint. *See Anderson v. Seaworld Parks & Entm't, Inc.*, 132 F. Supp. 3d 1156, 1160

(N.D. Cal. 2015) ("When determining the amount in controversy, the Court first considers whether it is 'facially apparent' from the complaint that the jurisdictional minimum has been satisfied.").

25.     Plaintiffs allege that the "members of the [Allstate and Esurance] Classes . . . number in the thousands if not tens of thousands . . ." (Compl., ¶ 134.)  It can thus be implied that each Class has a minimum of 2,000 members. *See Kuxhausen*, 707 F.3d at 1140 (noting that a proposed class of "'hundreds' by definition means at least 200"); *Tompkins*, 2008 WL 1808316, at *3 (noting that "a class of 'thousands of persons,' impl[ies] a logical minimum of 2,000 class members").

26.     Plaintiffs Jackson and Griffin, on behalf of themselves and the proposed Allstate Class, and Plaintiff Pettit, on behalf of herself and the proposed Esurance Class, allege that Defendants "committed a separate violation of the RAIN Law, Cal. Ins. Code § 11628" each time they "used 'single' marital status(es) of the 'rated operator(s)' . . . as a basis upon which a higher premium or rate [could] be required" when issuing, re-issuing, or renewing a policy.  (Compl., ¶¶ 149, 158.) Accordingly, they allege that they and their proposed classes are entitled to recover "statutory damages in the amount of $100.00, plus a reasonable allowance for attorneys' fees . . . each time [Allstate or Esurance] issued, re-issued or renewed their private passenger motor vehicle liability insurance policies." (*Id.*)

27.     Plaintiffs Jackson and Griffin, on behalf of themselves and the proposed Allstate Class, and Plaintiff Pettit, on behalf of herself and the proposed Esurance Class, further allege that Defendants "applied disparate rating factor relativities for one or more coverage types to calculate their premiums because the 'rated operator(s)' for their policies are 'single' and not 'married.'" (Compl., ¶ 162.)  They therefore allege they and their proposed classes are "entitled to statutory damages under Cal. Civ. Code § 52, subd. (a) for each time [Allstate or Esurance] issued, re-issued, or renewed their policies." (*Id.*, ¶¶ 164, 171.)  The statutory minimum amount of recovery under Cal. Civ. Code section 52, subdivision (a) is $4,000.00.

28.     Plaintiffs allege that each member of the proposed Allstate and Esurance Classes may recover statutory damages of *at least* $4,100.00 ($100.00 + $4,000.00).[1]  They further allege that the

---

[1] This conservatively assumes that both Allstate and Esurance only issued, re-issued, or renewed each proposed class member's private passenger motor vehicle liability insurance policy one time in the relevant three-year period.  Yet, Plaintiff Griffin alleges four violations in the class period, (Compl. ¶

size of each putative class is "in the thousands, if not tens of thousands," meaning at least 2,000. Thus, at a minimum, the amount in controversy for the Allstate Class is $8,200,000.00 ($4,100.00 x 2,000) and likewise, the amount in controversy for the Esurance Class is $8,200,000.00 ($4,100.00 x 2,000).

29. Furthermore, Allstate's books and records reflect that since the beginning of 2019, there have been over 3,770,000 private passenger motor vehicle liability insurance policies issued to California policyholders where a rated operator's marital status was single. (Frisch Decl. at ¶ 4.) Esurance's books and records reflect that Esurance has issued over 800,000 private passenger motor vehicle liability insurance policies to California residents whose marital status was single since the beginning of 2019. (Van Laar Decl. at ¶ 4.) As Plaintiffs seek to recover a minimum of $4,100 in statutory damages for each class member, the amount in controversy exceeds the $5 million CAFA threshold.

30. The amount in controversy also includes Plaintiffs' claims for any actual damages (which are sought to the extent that they exceed statutory damages under Cal. Civ. Code section 52, subdivision (a)), (Compl., ¶¶ 165, 172), and attorney's fees, (*id.*, ¶¶ 149, 158). Defendants have not calculated these additional amounts, as $8,200,000.00 is already sufficient to reach the necessary amount in controversy. However, these other forms of relief sought by Plaintiffs confirm that the $5 million CAFA threshold has been met. Accordingly, the amount in controversy requirement is satisfied.[2]

**VENUE**

31. This action was filed in the Superior Court of the State of California in and for the County of Alameda. Venue therefore properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1391, and 1441(a).

**DIVISIONAL ASSIGNMENT**

32. The state court action was commenced in the Superior Court of the State of California

---

108), and thus seeks $20,000 of statutory damages; Plaintiff Jackson alleges five violations in the class period, (Compl. ¶ 110), and thus seeks $25,000 in statutory damages; and Plaintiff Pettit alleges five violations in the class period, (Compl. ¶ 122), and thus seeks $25,000 in statutory damages.

[2] Defendants reserve the right to present additional evidence concerning Plaintiffs' proposed damages and the other elements of Plaintiffs' required relief should Plaintiffs contend that the amount-in-controversy requirement is not satisfied.

in and for the County of Alameda. Pursuant to Northern District of California, Local Rule 3-2(d), civil actions arising in the County of Alameda shall be assigned to the San Francisco Division or the Oakland Division. Thus, this action may be properly assigned to the San Francisco Division or the Oakland Division.

## COMPLIANCE WITH OTHER STATUTORY REQUIREMENTS

33. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal with this Court, written notice of such filing will be given by the undersigned to Plaintiffs, and a copy of the Notice of Removal will be filed with the Clerk of the Alameda Superior Court.

34. Pursuant to 28 U.S.C. § 1446(a), Defendants attach a copy of all process, pleadings, orders, and records served on them, including the Complaint and proofs of service. (Exhibits A & B.)

35. **WHEREFORE**, Defendants hereby remove the above-entitled action, formerly pending in the Superior Court of California, County of Alameda, to this Court under CAFA.

Dated: April 29, 2022          WINSTON & STRAWN LLP

By: /s/ *Margaret E. Dayton*
Margaret E. Dayton (SBN: 274353)
PEDayton@winston.com
Janelle Li-A-Ping (SBN: 330805)
JliAPing@winston.com
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone:    (213) 615-1988
Facsimile:    (213) 615-1750

Attorneys for Defendants
ALLSTATE NORTHBROOK INDEMNITY
COMPANY and ESURANCE PROPERTY AND
CASUALTY INSURANCE COMPANY