Wyatt A. Lison (SBN – 316775)
**FEINSTEIN DOYLE PAYNE**
  **& KRAVEC, LLC**
429 Fourth Avenue
Law & Finance Building, Suite 1300
Pittsburgh, PA 15219
Telephone: (412) 281-8400
Facsimile: (412) 281-1007
Email: wlison@fdpklaw.com

Monique Olivier (SBN – 190385)
Christian Schreiber (SBN – 245597)
**OLIVIER & SCHREIBER LLP**
475 14th Street, Suite 250
Oakland, CA 94612
Telephone: (415) 484-0980
Facsimile: (415) 658-7758
Email: monique@os-legal.com
Email: christian@os-legal.com

*ATTORNEYS FOR PLAINTIFFS*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA JACKSON, DENISE GRIFFIN, and JAMIE PETTIT, on behalf of themselves and all others similarly situated, <br><br> *Plaintiffs*, <br><br> vs. <br><br> ALLSTATE NORTHBROOK INDEMNITY COMPANY and ESURANCE PROPERTY AND CASUALTY INSURANCE COMPANY, <br> *Defendants*. | Case No.: 4:22-cv-02628-JST <br><br> **STIPULATION TO STAY ALL PROCEEDINGS PENDING OUTCOME OF RELATED SUPERIOR COURT ACTION AND [PROPOSED] ORDER** <br> *AS MODIFIED* |

Plaintiffs Carla Jackson, Denise Griffin, and Jamie Pettit (collectively "Plaintiffs") and Defendants Allstate Northbrook Indemnity Company and Esurance Property and Casualty Insurance Company (collectively, "Defendants"), by and through their counsel of record, hereby stipulate, agree and respectfully request that this Court enter an Order as follows:

WHEREAS, on March 22, 2022, Plaintiffs filed their Complaint in this putative class action in the Superior Court of the State of California, County of Alameda, Case. No. 22CV008706 (ECF No. 1-1), challenging Defendants' use of marital status as rating factor in setting premiums for private passenger motor vehicle liability insurance policies in California as violative of California's Rosenthal Auto Insurance Nondiscrimination Law ("RAIN Law") and Unruh Civil Rights Act ("Unruh Act");

WHEREAS, on April 29, 2022, Defendants filed their Notice of Removal in this Court (ECF No. 1);

WHEREAS, Plaintiffs contend that a core legal issue in the instant putative class action is whether the Commissioner of the California Department of Insurance's regulations permitting the use of marital status as an optional premium rating factor in setting premiums for private passenger motor vehicle liability insurance policies is invalid in light of the RAIN Law and Unruh Act specifically prohibiting discrimination based upon marital status;

WHEREAS, on March 7, 2022, Plaintiffs, along with other individuals not party to the instant class action, separately filed a Petition for Writ of Mandate (the "Petition") in the Superior Court of the State of California, County of Alameda, against the Commissioner of the California Department of Insurance ("Commissioner"), *Ison et al. v. Commissioner of the California Department of Insurance*, Case No. 22CV008022, pending in Department 20 before Judge Richard Seabolt, seeking an order determining that the regulations are invalid and compelling the Commissioner to rescind the regulations that allow private passenger motor vehicle insurers to use marital status as an optional premium rating factor or otherwise amend the regulations to eliminate use of marital status as an optional premium rating factor, and to require all private passenger motor vehicle insurers whose current class plans use marital status as a premium rating factor to file new class plans eliminating marital status as a premium rating factor;

|   |   |
|---|---|
| 1 | WHEREAS, Plaintiffs contend that the core legal issues presented by the Petition, namely |
| 2 | whether the RAIN Law and Unruh Act prohibit marital status discrimination as a premium rating factor |
| 3 | and whether the Commissioner's existing regulations which permit such discrimination are invalid, |
| 4 | overlap with the core legal issues presented in the instant class action; |
| 5 | WHEREAS, Plaintiffs and Defendants agree that judicial economy and efficiency would be |
| 6 | advanced by resolving the Petition challenging the validity of the Commissioners' regulations in the |
| 7 | Writ of Mandate proceedings before proceeding with this action; and therefore, the Parties favor a stay |
| 8 | of all proceedings in the instant class action pending resolution of the Petition; |
| 9 | WHEREAS, the United States Supreme Court has ruled that, "the power to stay proceedings is |
| 10 | incidental to the power inherent in every court to control the disposition of the causes on its docket with |
| 11 | economy of time and effort for itself, for counsel, and for litigants." (*Landis v. North American Co.*, |
| 12 | 299 U.S. 248, 255 (1936)); |
| 13 | WHEREAS, this Court has discretion to order a stay of all proceedings in this action pending |
| 14 | the resolution of the Petition; |
| 15 | WHEREAS, Plaintiffs and Defendants agree that ordering a stay of all proceedings in this action |
| 16 | pending resolution of the Petition is proper for the reasons set forth herein; |
| 17 | WHEREAS, as in this action where the parties are requesting a stay pending the resolution of a |
| 18 | petition for writ of mandate filed in a California superior court, the resolution of which likely will bear |
| 19 | on legal issues in this action, several U.S. District Courts in California have similarly granted stays of |
| 20 | actions before them pending resolution of a petition for writ of mandate separately filed in a California |
| 21 | superior court  (*See Applegate v. Trausch*, No. 1:15-cv-00811 AWI DLB PC, 2016 U.S. LEXIS 41574, |
| 22 | at *3-5 (E.D. Cal. Mar. 29, 2016) (citing *Landis* as authority to order stay of case); *Thornbrough v. W.* |
| 23 | *Placer Unified Sch. Dist.*, No. 2:09-cv-02613-GEB-GGH, 2010 U.S. Dist. LEXIS 94021, at *2-9 (E.D. |
| 24 | Cal. Aug. 23, 2010) (also citing *Landis* as authority to grant stay of case); |
| 25 | WHEREAS, the California Superior Court's ruling on the Petition regarding the validity of the |
| 26 | Commissioner's regulations permitting use of marital status as a premium rating factor likely will also |
| 27 | impact and inform the course of litigation in this action, potentially narrowing the legal issues and |
| 28 | streamlining discovery; |

STIPULATION TO STAY ALL PROCEEDINGS PENDING OUTCOME OF RELATED SUPERIOR COURT
ACTION AND [PROPOSED] ORDER; Case No.: 4:22-cv-02628-JST

1   WHEREAS, the Respondent Commissioner in *Ison et al. v. Commissioner of the California Department of Insurance*, Case No. 22CV008022, Superior Court of the State of California, County of Alameda, has already answered the Petition and the parties are now engaged in discovery, showing that the proceedings in *Ison et al. v. Commissioner of the California Department of Insurance* will likely be concluded within a reasonable time in relation to the urgency of the claims presented in the instant action;

   WHEREAS, the parties in this action will not be prejudiced by the Court ordering a stay of all proceedings in this action pending the resolution of the Petition, and once the stay is lifted, Defendants reserve all of their rights in defense of the claims, including but not limited to the right to seek dismissal of the claims;

   WHEREAS, Defendants expressly reserve their right to move to dismiss Plaintiffs' claims on any ground, and Plaintiffs agree that Defendants' entry into this stipulation and request for stay does not waive any argument that Plaintiffs' claims are subject to dismissal;

   WHEREAS, the Parties disagree as to whether this case is related to *Amaya, et al. v. GEICO Indemnity Company, et al.*, 4:22-cv-02334-YGR (the "*GEICO* Action") and *Griffin, et al. v. Progressive West Insurance Company, et al.*, 4:22-cv-02634-YGR (the "*Progressive* Action"). Defendants have filed an Administrative Motion to Determine Whether Cases Are Related in the *GEICO* Action and lodged the Administrative Motion in this action and the *Progressive* Action. Plaintiffs have indicated they intend to oppose the Administrative Motion. By entering into this stipulation, the Parties do not intend to prejudice or abandon their positions related to the Administrative Motion, and expressly reserve them;

   The parties hereby enter into the following Stipulation.

### STIPULATION

   IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the parties, that:

   i.   A stay of all proceedings in this action pending resolution of the Petition for Writ of Mandate filed with the Superior Court of the State of California, County of Alameda in *Ison et al. v. Commissioner of the California Department of Insurance*, Case No. 22CV008022,

is proper as it will promote the interests of justice and judicial economy and efficiency and will not prejudice the parties.

ii. All proceedings in this action are stayed pending resolution of the Petition.

iii. Entry of this Stipulation to Stay All Proceedings Pending Outcome of Related Superior Court Action is without prejudice to any party subsequently seeking leave to vacate or to modify the stay, and Defendants retain all rights to oppose the claims in this case, including but not limited to their right to seek dismissal of the claims, in whole or in part.

Dated: June 1, 2022

**FEINSTEIN DOYLE PAYNE & KRAVEC, LLC**

By: _s/ Wyatt A. Lison_
Wyatt A. Lison
Attorney for Plaintiffs CARLA JACKSON, DENISE GRIFFIN, and JAMIE PETTIT and the Proposed Class

Dated: June 1, 2022

**WINSTON & STRAWN LLP**

By: _s/ Margaret E. Dayton_
Margaret E. Dayton
Attorney for Defendants ALLSTATE NORTHBROOK INDEMNITY COMPANY and ESURANCE PROPERTY AND CASUALTY INSURANCE COMPANY

## **ATTESTATION**

I, Wyatt A. Lison, am the ECF User whose ID and password is being used to file this Stipulation to Stay All Proceedings Pending Outcome of Related Superior Court Action and [Proposed] Order. I attest that concurrence in the filing of this document has been obtained from all counsel whose signatures appear. I declare under penalty of perjury that the foregoing is true and correct.

_s/ Wyatt A. Lison_
Wyatt A. Lison